## MISHLER, Admrx v AERO MAYFLOWER TRANSIT COMPANY

Ohio Appeals, 7th Dist, Mahoning Co

Decided March 25, 1932

POLLOCK, J.

Our attention was called to sub-section 19 of this Act as throwing some light upon what is intended. Whether it does or not, may be doubtful. It provides that:

"The Secretary of State shall be the agent of a foreign corporation, whether heretofore or hereafter licensed to do business in this state, upon whom process against it from any court in this state, or from any public authorities may be served within this state in the event that the designated agent cannot be found or if the corporation shall have failed to designate another agent when required to do so under this act, or if the license of a corporation to do business in this state has expired or has been cancelled. Pursuant to this service, suit may be brought in the county where the principal office of the corporation in this state is or was located, or in any county in which the cause of action arose."

It is urged that this section, when summons is served on the secretary of state suit may be brought in the county where the office is located or the cause of action arose, and indicates in the other section or paragraph of this act where no designation was made, that the action can be brought in any county in the state. We would hardly think that it reflects that position. It says "Pursuant to this service, suit may be brought in the county where the principal office of the corporation in this state is or was located, or in any county in which the cause of action arose." That is, if the corporation had named one it would be in Butler County or in any county in which the cause of action arose. This cause of action did not arise in this county, so that we think that all that this section does—I mean §5 of this act,—is to provide that a foreign corporation which is doing business in this state or wishes to do business in this state, must appoint a party upon whom service can be made. Although this company, so far as we know, did not name a place where their general office in this state is, that they failed to do, we feel that all this section does is to appoint a person upon whom service on a foreign corporation can be made in the place of having to wait until the plaintiff might get some official of that corporation within the jurisdiction of the court. Service upon this party takes the place of service upon some official of the corporation upon whom the Code provides service upon a corporation can be made. We think so far as the location of the action is concerned, that it must be left to the General Code provision; that is, the general provision of the statute for service upon foreign corporations in this state.

**Sec 11276 GC** provides:

"An action other than one of those mentioned in §§11268, 11269, 11270 and 11271, GC, against a non-resident of this state, or foreign corporation, may be brought in any county in which there is property of or debts owing to the defendant, or where such defendant is found, or where the cause of action, or some part thereof, arose."

So far as this question is concerned, the only county in which this action could be brought was where such defendant could be served on the principal that this party designated upon whom service could be had takes the place of the defendant. It follows that this action, as it did not arise in this county and service was not made in this county, was not properly brought. The service in Butler County did not confer jurisdiction on the court of this county to try the case, and the court's action in quashing the service and dismissing the action was not error.

Judgment affirmed.

ROBERTS and FARR, JJ, concur.